## Slazenski v. Turner

*Daniel P. McDyer,* for plaintiffs.

*Richard J. Mills,* for defendant Turner Co.

*James A. Beinkemper,* for defendant Wilkinsburg Hardware Co.

WETTICK, *A. J.,* July 18, 1985—On July 6, 1982, plaintiffs instituted this action to recover damages for personal injuries caused by a malfunctioning torch. In the fall of 1984, through a notice in the Pittsburgh Legal Journal, this case was scheduled for a pretrial conference on January 10, 1985, and for trial on the February 1, 1985 trial list. The notice in the Pittsburgh Legal Journal set forth dates prior to the pretrial conference on which the pretrial statements of the parties were to be filed. The parties apparently filed timely pretrial statements.

The court was not able to try the case during the February trial term. Consequently, the case was relisted for trial on the September 24, 1985 trial list.

Thereafter, plaintiffs served upon defendant Turner Company a third set of interrogatories and a request for production of documents. Turner Company has filed a motion for a protective order in which it requests this court to prohibit any additional discovery.

Turner Company relies on Local Rule 212(V), which reads as follows:

"After the date set for the pretrial conciliation conference there shall be no discovery proceeding whatsoever except by order of court issued by the judge who is assigned to preside at the pretrial conciliation conference, the Calendar Control Judge or by agreement of counsel which does not result in delay of the case."

Plaintiffs have not obtained an order of court permitting this discovery. Counsel for Turner Company does not agree to the discovery. Consequently, Turner Company contends that additional discovery is barred by Local Rule 212(V).

Plaintiffs contend that Local Rule 212(V) is not applicable to cases that have been moved to a subsequent trial list. The purpose for Local Rule 212(V), according to plaintiffs, is to prevent discovery that will interfere with trial. Consequently, plaintiffs contend that they should be permitted to engage in discovery in cases that are moved to a later trial list until the date on which discovery is barred for cases that are initially listed on that later trial list.

We reject plaintiffs' argument because they improperly characterize the reasons why Local Rule 212(V) cuts off discovery. Trials will proceed as scheduled even if parties may engage in discovery to the date of trial. A particular discovery request that will delay the trial may be prohibited or limited through a motion for a protective order. This is the practice followed in the arbitration division of this court which issues a trial date when the complaint is filed and has no cutoff date for discovery.

Local Rule 212(V) is part of the pretrial scheme of Local Rule 212 that requires parties to file pretrial statements shortly after discovery is completed and prior to the pretrial conciliation. These pretrial statements must set forth the names of witnesses, medical reports that may be offered, and expert reports of any expert witnesses who may be called for trial. Local Rule 212(VI)(E) prohibits witnesses whose identities have not been revealed or whose reports have not been furnished from testifying at trial.[*]

This pretrial scheme requires a party to make final decisions concerning witnesses who will be

---

[*] A pretrial rule or order barring the testimony of witnesses who are not listed on a pretrial statement must be enforced by a trial court judge if the testimony of a witness not listed on a pretrial statement is prejudicial to an opposing party. Gill v. McGraw Electric Company, 264, Pa. Super. 368, 399 A.2d 1095 (1979).

called at trial and the testimony that will be presented by expert witnesses prior to the pretrial conciliation in order for the settlement negotiations at the pretrial conciliation to be more meaningful. See the opinion of the Pennsylvania Supreme Court in Szarmack v. Welch, 456 Pa. 293, 318 A.2d 707 (1974) (codified in Pa.R.C.P. 4003.2), which recognized that all parties must be aware of the evidence that each party will introduce at trial in order for the knowledgeable resolution of disputes through negotiations. Also, since a party is not required to identify a specially retained expert witness whom that party does not expect to call at trial (Pa.R.C.P. 4003.5), parties should not be required to identify their experts until discovery is completed because of the likelihood that additional discovery will weaken the factual premises upon which an expert's report is based or produce additional information that will alter the decision to use that expert at trial.

In summary, the purposes of discovery during the pretrial stages of litigation are to learn of additional evidence and witnesses, to discover the testimony that the witnesses will offer, and to assess the witnesses' credibility and impact. As long as discovery continues, parties are not in a position to make final decisions concerning the value of the case and the manner in which they will try the case. Also parties are reluctant to disclose their expert testimony and the strengths and weaknesses of their case until discovery is closed. This is illustrated by the reluctance of parties to produce their expert reports before they file their pretrial statements even though Pa.R.C.P. 4003.5 requires a party to produce this information as soon as that party identifies a person whom that party expects to call as an expert witness at trial. The purpose for requiring pretrial statements to be filed prior to the pretrial conciliation is to force the

parties to make these decisions and disclosures before the settlement negotiations at the pretrial conciliation. Rule 212(V) bars additional discovery in order to assure the parties that the case presented in their pretrial statements is the case that will be tried and, therefore, they will not be placed at a tactical disadvantage by revealing the information necessary for effective settlement negotiations.

Because plaintiffs' discovery requests are barred by the language of Local Rule 212(V) and are inconsistent with its purpose, we will grant Turner Company's motion for a protective order barring further discovery.

## ORDER OF COURT

On this July 18, 1985, it is hereby ordered that Turner Company's motion for a protective order is granted and plaintiffs are barred from engaging in any additional discovery in these proceedings except by order of court issued by the Calendar Control Judge.